UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD MICHAEL SMEGO, et.al., ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | 15-CV-4097 |
| ) | |
| JAMES DIMAS, et.al., ) | |
|     Defendants. ) | |
| ) | |

OPINION

Plaintiffs, proceeding pro se and detained in the Rushville Treatment and Detention Center, seek leave to proceed in forma pauperis. [3-31].

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a Court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee is paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the allegations state a federal claim for relief.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiffs favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2103). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

The 29 Plaintiffs have identified 53 named Defendants. However, the complaint consists of repetitive, vague and conclusory allegations with no reference to the involvement of specific Defendants or Plaintiffs or time frames. For instance, the complaint is divided into multiple sections including 20 pages devoted to "Statement of Facts and Allegations" and 21 pages devoted to four "counts." (Comp., p. 19 to 1-2, p. 17). Each contains various allegations and it is unclear which were intended as claims. Even if the Court were to limit its review to the stated "counts," it is impossible to discern each of the Plaintiffs' intended claims from the complaint.

Count One states "Defendants have failed to provide adequate treatment and remain deliberately indifferent to the Plaintiffs' serious medical needs relating to Sex Offender Treatment, as well as any and all other mental health needs." (Comp., 1-1, p. 12). The complaint then lists several vague claims about the inadequacy of the treatment program such as providing "illegal" care, no "defined starting point, middle or end," the same five phases apply to all detainees, Plaintiffs are unable to demonstrate an understanding of treatment and advance to higher groups, there are no rules to follow, etc.

Plaintiffs appear to allege the treatment is "illegal," because they do not believe the therapists meet the state licensing requirements. However, the Court has previously advised the lead Plaintiff "a violation of state law is not, by itself, a violation of federal law." *Smego v. Ashby*, 2011 WL 6140661, at *1 (C.D.Ill. Dec. 9, 2011); *see also Guarjardo–Palma v. Martinson,* 622 F.3d 801, 806 (7th Cir.2010) ("[A] violation of state law is not a ground for a federal civil rights suit."). The Seventh Circuit "has consistently held that 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or ... departmental regulations...."*Thompson v. City of Chicago,* 472 F.3d 444, 454 (7th Cir.2006), *quoting Scott v. Edinburg,* 346 F.3d 752, 760 (7th Cir.2003).

"Plaintiffs are constitutionally entitled to adequate treatment for mental illness." *Smith v. Bassi*, 2015 WL 5725831, at *1 (C.D.Ill. Sept 30, 2015).  However, adequate treatment in the constitutional sense means treatment decisions are made by qualified professionals within acceptable professional boundaries. *Allison v. Snyder,* 332 F.3d 1076, 1081 (7th Cir. 2003)("(a) committed persons are entitled to some treatment, and (b) what that treatment entails must be decided by mental-health professionals"). "Only treatment decisions far afield from those boundaries violate the Constitution." *Smith*, 2015 WL 5725831, at *1 *citing Youngberg v. Romeo,* 457 U.S. 307, 323 (1982)(decisions by professionals working at mental health institution are afforded deference and violate the Constitution only if professional judgment not exercised); *Sain v. Wood,* 512 F.3d 886, 894–95 (7th Cir. 2009)(deliberate indifference means a "substantial departure from accepted professional judgment.").

The Plaintiffs have not stated how any of their allegations amount to a constitutional violation, nor have they indicated how each specific Plaintiff has been impacted.  How has each Plaintiff's treatment fallen sort of accepted standards or what additional treatment does each Plaintiff need?  Has each Plaintiff consented to treatment or have they begun treatment? Plaintiffs' "allegations generally assail Rushville's treatment approach, but that is not enough to state a constitutional claim." *Smith,* 2015 WL 5725831, at *2.

Also in what Plaintiffs have designated as "Count One" is an entirely different claim based on "forced double-celling" with violent offenders. (Comp., 1-1, p. 12).   Double celling alone is not a constitutional violation.  Again, which specific Plaintiffs were celled with a violent offender, during what time period, what happened and which specific Defendants knew the Plaintiff faced danger?  It is not enough to simply include a general, conclusory statement as to all Defendants and all Plaintiffs.

Count Two states the "Defendants deny the Plaintiff(s) their right to be free of punishment and refuse to provide the least restrictive option whenever possible and proper to do so." (Comp, 1-1, p. 14). The Plaintiffs then again include several very general, vague and conclusory allegations stating they are subjected to "punitive policies, practices and procedures," the facility is "laid out similarly to many prisons" allowing minimal contact, the rules are not clearly defined, the handbooks is identical to a prison handbook, the detainees are strip searched, etc.

The Plaintiffs correctly note the Illinois Sexually Violent Persons Act states "[t]he Department [of Human Services] shall arrange for control, care and treatment of the person in the least restrictive manner consistent with the requirements of the person and in accordance with the court's commitment order." 725 ILCS 207/40(b)(2). "However, even assuming arguendo that this section creates a right enforceable in state Court to the vaguely defined 'least restrictive manner' of confinement, that right would not be enforceable in federal court." *Carpenter v. Saddler*, 2012 WL 5471953, at *1 (C.D.Ill. Nov. 9, 2012); *see also Guarjardo–Palma v. Martinson,* 622 F.3d 801, 806 (7th Cir.2010) ("[A] violation of state law is not a ground for a federal civil rights suit."); *Allison v. Snyder,* 332 F.3d 1076, 1079 (7th Cir.2003) (The federal constitution does not "permit a federal court to enforce state laws directly."). Nor does this statute create a constitutionally protected liberty interest in the "least restrictive manner" of confinement. *See Miller v. Dobier,* 634 F.3d 412, 414–15 (7th Cir.2011) (detainee under sexually violent persons act had no constitutionally protected liberty interest in avoiding the "black box" restraints); *Thielman v. Leean,* 282 F.3d 478, 483–84 (7th Cir.2002)(addition of waist belt and leg chains to handcuffs during transport of sexually violent detained person did not implicate Constitution); *Allison v. Snyder,* 332 F.3d 1076, 1079 (7th

Cir.2003)(persons committed under the Illinois Sexually Dangerous Persons Act may be kept in prisons, subject to the prison's usual rules and conditions).  "Plaintiffs are entitled under the Constitution to be treated humanely—they are not entitled to the "least restrictive" environment." *Carpenter,* 2012 WL 5471953, at *1, *citing Sain v. Wood,* 512 F.3d 886 (7th Cir.2008)(committed person entitled to "humane conditions" and the provision of "adequate food, clothing, shelter, and medical care"). Furthermore, conditions at Rushville are not "punitive" if those conditions advance legitimate goals such as security, safety, and rehabilitation. *Allison,* 332 F.3d at 1079.   The Plaintiffs have again failed to specifically state how each Plaintiff's constitutional rights were violated or how each Defendant was involved. *See Thielman v. Leean,* 282 F.3d 478, 483 (7th Cir.2002) ("facilities dealing with those who have been involuntarily committed for sexual disorders are 'volatile' environments whose day-to-day operations cannot be managed from on high.").

Counts Three and Four allege violations of the Plaintiff's First Amendment and Fourth Amendment rights.   However, the complaint again includes general and conclusory allegations without explaining how specific Plaintiffs were impacted, which specific Defendants were involved or when the events occurred.  For instance, Plaintiffs claim Defendants violate their First Amendment rights based on monitored phone calls, censored mail, restricted internet and restricted use of voice mail.  The Defendants violated the Fourth Amendment based on the seizure of contraband and arbitrary searches.  This is not sufficient to state a constitutional claim. If Plaintiffs are attempting to state a claim based on an unconstitutional search, who conducted the search, when was it conducted, how was it conducted and which Plaintiff was subjected to the search?   The Plaintiffs also make random references to violation of the Fourteenth

5

Amendment, retaliation and conspiracy, yet they do not include any of these allegations as a separate "count."

Given the state of the allegations in the Plaintiffs' complaint and the large number of Plaintiffs and Defendants, it appears to the Court the Plaintiffs are attempting to combine unrelated claims against different Defendants in one lawsuit. *See George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007)("multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2). For instance, it is ridiculous for the Court to assume that Defendant Medical Director for the Illinois Department of Human Services would have any role in the phone system offered to detainees, or the Internal Security Investigator would be involved in an individual detainee's mental health treatment plan, or that a recreational therapist would have any role in developing the search and seizure policies for the Illinois Department of Human Services. Therefore, the Plaintiffs may not proceed with a complaint which simply makes reference to "the Defendants" or "the Plaintiffs." The complaint must specify the involvement of each Defendant, each Plaintiff and provide specific time frames.

In addition, the Federal Rules of Civil Procedure also require allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief...." Fed.R. Civ.P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the ... claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.,* 496 F.3d 773, 776 (7th Cir.2007), *quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)(add'l citation omitted). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level." *Id., quoting Bell Atlantic,* 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged....

Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic,* 550 U.S. at 555–56. Nonetheless, *pro se* pleadings are liberally construed when applying this standard. *Bridges v. Gilbert,* 557 F.3d 541, 546 (7th Cir.2009).

Based on the repetitive, general, conclusory and vague allegations in this complaint, the Court is unable to discern whether the Plaintiffs have alleged any constitutional violations. Nonetheless, since they are proceeding pro se, the Court will allow them an opportunity to file an amended complaint.   The amended complaint must not include a statement of facts nor historical background, but ONLY set for the intended claims.  Each claim should be stated one time.  Any claim must state which Defendants were involved, how they were involved, what happened and when it happened.  The Plaintiffs must also indicate which of them was directly impacted by any allegation.

The Court notes it may be more advantageous for the Plaintiffs to file independent complaints.   Not every pro se litigant is likely to be aware of the potential negative consequences of joining group litigation in federal courts, and therefore the Seventh Circuit Court of Appeals has suggested that district courts inform pro se prisoners of some of the potential risks in order to "give them an opportunity to drop out." *Boriboune v. Berge,* 391 F.3d 852, 856 (7th Cir.2004); *see also Butler v. Public Defender's Office of St. Clair County, Illinois*, 2014 WL 2694218, at *2 (S.D.Ill., 2014).  While the Plaintiffs in this case are civil detainees, some of the same admonitions apply.  For instance, each litigant: a) will be held legally responsible for knowing precisely what is being filed in the case on his behalf; b) will be subject to sanctions under Federal Rule of Civil Procedure 11 if such sanctions are found warranted in

7

any aspect of the case; and c) will be responsible for full payment of the filing fee whether or not he qualifies to proceed in forma pauperis. *See Butler,* 2014 WL 2694218, at *2 (S.D.Ill., 2014).

In addition, any proposed amended complaint, motion, or other document filed on behalf of multiple Plaintiffs must also be signed by each of the Plaintiffs.  A non-attorney cannot file or sign papers for another litigant, so as long as the Plaintiffs remain pro se, each Plaintiff must sign documents for himself. *See Al Ghashiyan v Frank,* 2008 WL 60032 at * 1(E.D. Wis. Jan. 3, 2008)( "In a case involving multiple pro se plaintiffs, one pro se plaintiff cannot sign on behalf of other pro se plaintiffs."); *Abdul-Wadood v. DeBruyn*, 1996 WL 359890, at *1 (7th Cir.1996) ("one *pro se* plaintiff cannot sign on behalf of others."); *Lewis v. Lenc–Smith Mfg. Co.,* 784 F.2d 829, 831 (7th Cir.1986)(unrepresented litigant must sign filed documents); Fed. R. Civ. P. 11. Finally, the Plaintiffs are admonished any future group motions or pleadings which do not comply with this requirement shall be stricken pursuant to Federal Rule of Civil Procedure 11(a).

**IT IS ORDERED:**

1.      Plaintiffs' petitions to proceed in forma pauperis (IFP) are denied [3-31] because Plaintiffs have failed to clearly articulate a federal claim and their complaint violates Federal Rules of Civil Procedure 8, 18 and 20.  The complaint is therefore dismissed.  Within 21 days from the entry of this order, Plaintiffs may file an amended complaint and renewed motions to proceed IFP.  Failure to file an amended complaint will result in the dismissal of this case, without prejudice.

2.      If any of the Plaintiffs wish to withdraw from this litigation, or wish to file a separate lawsuit clarifying their specific claims, they should file a motion within 14 days of this order.

3. The Clerk of the Court is directed to reset the internal merit review deadline for 30 days from the entry of this order.

Entered this 2nd day of November, 2015.

/s/Harold A. Baker

_____

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE